**Phillip V. LEE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD26344.**

Missouri Court of Appeals,
Kansas City District.

Sept. 4, 1973.

Clyde E. Rogers, Public Defender, Fourteenth Judicial Circuit, Moberly, for appellant.

John C. Danforth, Atty. Gen., Mark D. Mittleman, Asst. Atty. Gen., Jefferson City, for respondent.

Before DIXON, C. J., and PRITCHARD and SOMERVILLE, JJ.

PRITCHARD, Judge.

Before the 1971 amendment to § 195.200, RSMo. 1969, V.A.M.S., subsection 4 thereof provided that "No parole, probation, suspended sentences or any other form of judicial clemency may be exercised in behalf of any person punished under subdivision (2), (3), (4) or (5) of subsection 1 of this section." The 1971 amendment removed the restriction against granting probation or parole where the person was punished under subdivision (4) for selling a controlled substance as was appellant here upon his plea of guilty whereupon his sentence was for the minimum five years imprisonment in the Department of Corrections on October 7, 1970.

On his motion under Rule 27.26, V.A.M. R., filed January 18, 1972, appellant seeks to be permitted to withdraw his plea of guilty upon the ground that he was misled into so pleading by the mistake of his counsel in advising him that he would be eligible for parole or probation when in fact the then provision of the statute prohibited that disposition by the court.

Counsel for appellant at the time the plea was entered did not testify in the Rule 27.26 hearing. Appellant testified: He conferred with counsel and discussed the matter of pleading guilty. "A. Well, it was in regard that he advised me to enter a plea of guilty on the basis that there had been a number of other drug cases in Randolph County at that time and the majority of them had gotten lenient judgments, so he felt if I entered a plea of guilty he would somewhat—not exactly guarantee, you know, not as far as the word guarantee, but he felt it was a sure thing that I could receive a similar judgment as far as probation or parole, bench parole or probation. Q. In other words he felt you had a fairly good chance of being granted probation by the judge? A. Yes, sir. * * * Q. Now in all of these conferences, as I understand your testimony, Mr. Henderson stated that he felt that you had a fairly good chance of being granted probation by the court? A. Yes, he stated more than a fairly good chance, it was an overwhelming chance." Counsel never did tell appellant, prior to the plea of guilty, that the statute under which he was pleading guilty did not allow the judge to grant him probation. The first time he learned of the restriction upon probation or parole was when he was told of it by the judge (after the plea was accepted and sentence was imposed).

On cross-examination (and as also revealed by the record at the time the plea was given) appellant acknowledged that the court explained to him what the charge against him was—"sale of cannabis, which is marijuana", and he understood the charge. The court told him what the amount of punishment could be, "I know it is a minimum of five years and I don't know what the maximum is, but I am sure that he did explain this to me." The court asked him if he had been promised anything in order to get him to plead guilty, and "I told him that I hadn't been made any promises." The same answer was given by appellant as to anyone having threatened him. The court also explained that "by pleading guilty I waived the right of trial by jury and the whole decision was up to the judge."

Appellant's maternal grandmother, Mrs. Gertrude Garth, testified that she talked with his counsel on the telephone. Counsel told her that if appellant pleaded guilty the most he would get would be two years, and he might get probation. If he did not get probation it would be no later than spring when he would be paroled.

The record of the taking of appellant's plea shows further that his counsel stated to the court that the minimum sentence was five years and, "I am satisfied that if any relief were granted by this Court that the threat of a five-year internment in the penitentiary of Department of Corrections

would be more than sufficient to cause this young man to straighten out. We would like to at this time request the Court to order a presentence investigation to determine whether or not he could be considered for probation." The court asked the prosecuting attorney for a recommendation, and in response he stated he had no objection to a presentence investigation, that it was difficult for him to know whether there was any possibility of a successful completion of a probation period. "So, I habitually do not oppose a presentence investigation where the State Board of Probation and Parole is able to make a complete investigation so the Court will have the facts upon which to base a decision. I am unable to give the Court facts upon which to base any decision, whether there should or should not be probation or parole." Appellant's counsel then stated that there had been probably 20 similar cases in Randolph County and probation or parole had been considered—there had been only one denial. The court then stated to appellant that if found his plea to have been voluntarily and intelligently entered, and he was sentenced to five years imprisonment. Appellant's counsel then asked the court to indulge them one more request, which was an opportunity to present, at some convenient date, a parole presentation. A five minute recess was declared after which counsel stated he did not know what decision the court had made, but if it had a date to accommodate them, fine, if not the matter could be hurried along while the court was there that day. "THE COURT: Well, I'll tell you, Mr. Lee, the statute doesn't permit me to consider granting you a parole or probation. MR. HENDERSON: Because of the misdemeanor? THE COURT: No, because the selling of a drug, no judicial parole or probation can be granted. MR. HENDERSON: Thank you, Your Honor. THE COURT: Take the gentleman into custody, Mr. Sheriff and bring the jury in." The plea was taken by a special judge upon the disqualification by appellant of the regular judge of Randolph County. The regular judge then heard the instant motion and denied it.

The court found that appellant, who was out on bond, conferred with his counsel several times before the case was set for trial. That counsel advised appellant to plead guilty and told him he had a fairly good chance of getting probation, and that appellant testified that his attorney never told him that under the then existing law that the court could not grant probation in his type of case and the first he knew of it was after he pleaded guilty and was sentenced by the court. The court further found that the court, at the time appellant entered his plea of guilty, advised him of his rights, to stand trial before a jury, to confront the state's witnesses, the range of punishment, and also whether anyone had promised him anything. Appellant denied to the court that any promises had been made to him or that anyone had told him that they knew what punishment might be assessed; and told the court that he entered his plea of guilty because he felt he did not have a defense. The court further found that appellant did not enter his plea of guilty as a result of improper legal advice giving him hope of probation and that the court did not in any way mislead or misrepresent to him that he would be entitled to receive probation.

It is clear from the facts here, as shown by the record of the taking of appellant's plea, that both his counsel and the prosecuting attorney were laboring under the misapprehension that appellant would be eligible for probation or parole. That is apparent from counsel's request for a presentence investigation to ascertain facts for the court's decision on the matter of probation or parole, and the prosecuting attorney's stated lack of objection to that procedure. The only testimony bearing on the subject is that of appellant in this Rule 27.26 hearing. That testimony is to the effect that he could get probation or parole as had been granted to others with similar offenses in Randolph County, as stated to him by his counsel. It was or should have

been obvious to the court at the time the plea was entered that these erroneous beliefs as to the application of the then statute were present in the minds of counsel and the prosecuting attorney, yet the court did nothing to disabuse them, or appellant, of those beliefs. That action was not taken in order to ascertain whether the erroneous beliefs might have induced appellant to enter his plea of guilty, and whether the same bore upon the voluntariness of the plea under Rule 25.04. The pronouncements upon that issue in State v. Roach, 447 S.W.2d 553 (Mo.1969), are of value here. The facts in Roach are that the defendant had reason to believe that if he pleaded guilty probation would be granted; and the prosecuting attorney so recommended; and the court indicated a favorable disposition to probation; yet there existed a mistaken belief that probation *could* be granted when defendant's prior record prevented it. The court said (447 S.W.2d 556 [3–5]), "If a plea of guilty is entered upon the mistaken belief or misapprehension that the accused will be granted probation his plea is not voluntary but is induced, and if probation is not granted and he is not permitted to withdraw his plea the accused has been dealt with unjustly. Before accepting a plea of guilty it is the duty of the trial court to ascertain that accused understands the consequences of his plea of guilty, *and to satisfy himself that the accused has not been induced to enter the plea on the basis of false hope or ill-founded expectation of lenience.*" (Italics added.) Appellant here should have been made to understand that one consequence of his plea of guilty was that under the statute he could not have been considered for probation or parole. Lacking that understanding, as the strong inference of this record indicates, appellant's plea of guilty was not voluntarily made within the meaning and purpose of Rule 25.04. See State v. Smith, 421 S.W.2d 501, 504 (Mo.1967), and State v. Blaylock, 394 S.W.2d 364 (Mo.1965). Appellant's testimony, standing uncontradicted, is that his counsel advised him to enter a plea of guilty, and he could have gotten probation or parole as was given in similar cases, that he had a fairly good chance to receive that disposition, although it was not promised. That belief is borne out in the record by what appellant's counsel pursued by way of what turned out to be impermissible under the statute. Appellant could not be considered for probation and parole, a mistake that, on the record, influenced his decision, on advice of counsel, to plead guilty. The court's finding that appellant did not enter his plea of guilty as the result of improper legal advice giving him hope of probation is clearly erroneous.

The judgment is reversed and the cause is remanded with directions to set aside the judgment of conviction and sentence and to permit appellant to withdraw his plea of guilty and for further proceedings.

All concur.