Willie J. WILSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 10750.

Missouri Court of Appeals,
Springfield District.

Feb. 1, 1978.

William Clayton Vandivort, Sikeston, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and HOGAN and TITUS, JJ.

TITUS, Judge.

Movant appeals from the order of the trial court denying his Rule 27.26[1] motion without an evidentiary hearing.

Inter alia, the pro se motion states that after a plea of not guilty and a trial, movant was convicted of "Murder 2nd degree" and sentenced on June 12, 1975, to imprisonment for a term of ten years. No appeal was taken. The grounds for vacating, setting aside or correcting the conviction and sentence, are stated in the motion thusly: "Movant herein was deprived of his statutory and constitutional right to appeal his conviction . . . because his counsel mislead (sic) and promised that if no appeal were taken he, counsel, would obtain a parole for movant at the end of one year.
. . . In the instant case counsel induced movant to drop his right to appeal by misleading and promising him that he could obtain a parole for movant at the end of one years (sic) confinement . . . ..
. . . [C]ounsel has not kept his promise and thus movant [was] mislead (sic) and induced to relinquish one of his most basic constitutional rights . . . .. Therefore it is respectfully urged that the Court enter an order reinstating movant's direct appeal[2] and appoint counsel thereon or in the alternate to call this case for a hearing wherein movant can present witnesses and proof to show that the only reason he dropped his appeal was due to the promises and inducements on the part of movant's counsel."

The trial court dismissed the motion upon findings "that the motion of the movant does not state facts sufficient to show that he is entitled to the relief he seeks; that conclusions are stated and not facts; that the Court has no jurisdiction over pardons or paroles after actual committment (sic)." In part, we disagree.

Although somewhat repetitiously written, the motion, in fine, avers: (1) that movant's counsel represented that he could obtain a parole for movant, (2) that counsel promised that if movant would forgo his right to appeal, counsel would obtain a parole for movant one year thereafter, (3) that movant, in obvious reliance upon the representation and promise of his counsel, was induced, i. e., persuaded, and misled to relinquish his right of appeal, and (4) that counsel, to movant's detriment, did not or could not keep the promise.

1. Rule references are to Supreme Court Rules, V.A.M.R.

2. Should movant prove successful with his Rule 27.26 motion, the proper procedure would be for the trial court to vacate and set aside the sentence previously imposed and to resentence movant, giving consideration to the time movant has already served. This procedure would permit an appeal from the date of the new sentence. *Green v. State*, 451 S.W.2d 82, 85[3] (Mo.1970); *State v. Frey*, 441 S.W.2d 11, 15[5–6] (Mo.1969).

■ We believe the allegations contained in the motion fairly present the justiciable issues of whether movant's right to appeal and his right to effective assistance of counsel have been infringed. Regardless of whether the attorney be appointed or selected, the constitution assures a defendant the effective representation by counsel. *Holbert v. State,* 439 S.W.2d 507, 509[4] (Mo.1969). Likewise, "where movant alleged that he was pressured or coerced into waiving his right to appeal by means which violated his constitutional rights, he was adjudged to be entitled to an evidentiary hearing in a 27.26 proceeding to determine whether he was entitled to relief available under provisions of that rule. . . . The general language of [Rule 27.26](b)(3) was intended to provide for such situations in order to protect a defendant from uninformed or involuntary waiver of known constitutional rights. It was not intended to and does not give a right to collaterally attack alleged constitutional deficiencies which the defendant has voluntarily and knowingly waived as a basis for final disposition of his case." *Nickens v. State,* 506 S.W.2d 381, 386[3] (Mo.1974). Alluding to the last quoted sentence from *Nickens,* the court in *Noble v. State,* 552 S.W.2d 267, 275 (Mo.App.1977) observed: "In so holding, the court equated knowingly and voluntarily waiving the right to appeal with knowingly and voluntarily entering a plea of guilty."

■ If it be established that a defendant pleaded guilty on the ill-founded assurances of his counsel that by so doing he would be granted parole or probation, then defendant, as movant in a Rule 27.26 proceeding, would be entitled to have his conviction set aside and his plea withdrawn. *State v. Rose,* 440 S.W.2d 441, 445–446[5] (Mo.1969); *Lee v. State,* 499 S.W.2d 569 (Mo.App.1973). On the other hand, when a defendant is declared guilty after trial, the time between sentencing and the expiration of the period allowed for appeal is a critical stage in the criminal proceedings and the defendant's constitutional right to effective assistance of counsel covers that period. *Williams v. United States,* 402 F.2d 548, 552[5] (8th Cir. 1968). When a defendant desires to appeal his conviction, failure of his counsel to take the proper and necessary steps to perfect an appeal constitutes such an extraordinary inattention to the defendant's interest as to amount to ineffective assistance of counsel cognizable on a motion to vacate under Rule 27.26. *Green v. State, supra,* n. 2, 451 S.W.2d at 85[2]; *State v. Frey, supra,* n. 2, 441 S.W.2d at 15. While we admittedly are not confronted with the exact situation appearing in the just cited cases, we see little difference in the resulting damage by a situation where defendant is deprived of his right to appeal because of the misrepresentation, negligence or inattention of counsel and the situation where a defendant is wrongfully dissuaded from perfecting an appeal through false and improbable assurances of counsel that upon the expiration of one year he will be released from confinement on parole.

■ An evidentiary hearing on a fact issue properly raised in a Rule 27.26 motion is required. *Rush v. State,* 439 S.W.2d 504, 506 (Mo.1969). What we have written evidences our belief that the motion herein raised an issue of fact. Albeit the constitutional right to appeal is involved, it is for the trial court in the first instance after an evidentiary hearing to determine the issues properly presented. *Williams v. State,* 530 S.W.2d 740, 742[6] (Mo.App.1975).

The order dismissing the Rule 27.26 motion is reversed and the cause is remanded to the trial court for a hearing and determination of the reinstated motion.

All concur.