Willie J. WILSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 11059.

Missouri Court of Appeals,
Southern District,
Division Three.

Sept. 13, 1979.

William C. Vandivort, Sikeston, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

On April 6, 1975, after trial by jury in the Circuit Court of Scott County, movant was convicted of murder in the second degree and, in conformance with the jury verdict, was sentenced to a term of 10 years in the Missouri Department of Corrections. Movant did not appeal that judgment and sentence. On November 17, 1976, movant filed a motion in the trial court to vacate the judgment and sentence, pursuant to Rule 27.26, V.A.M.R. As grounds for the motion, movant alleged that he had been deprived of his statutory and constitutional rights to appeal his conviction because his counsel misled him and promised, that if no appeal was taken, counsel would obtain a parole for movant at the end of one year. The prosecuting attorney filed a motion to dismiss the motion to vacate, which was sustained by the trial court. Movant appealed. This court, on February 1, 1978, issued a mandate reversing the order of the trial court dismissing the motion to vacate and remanded the case for a hearing on the merits. See *Wilson v. State,* 561 S.W.2d 749, 751 (Mo.App.1978). On May 12, 1978, an evidentiary hearing was held in the trial court on the issues presented in the motion to vacate. On May 15, 1978, the trial court entered a judgment which overruled the motion to vacate. Movant appeals from that judgment.

The sole point relied on in this appeal is that movant's former counsel did not adequately explain that appellant could serve his sentence and pursue his appeal at the same time. In the argument portion of his brief, movant expounds upon that point and also alleges that movant's former counsel so unrealistically presented movant's chances of parole that his advice amounted to an assurance of parole, and that movant, relying on such assurance, waived his right to appeal. The parole was not forthcoming within the one year period, although movant was paroled on August 2, 1979.

In a post-conviction proceeding, movant has the burden of establishing

grounds for relief by a preponderance of the evidence. *Beach v. State,* 488 S.W.2d 652, 656 (Mo.1972). On review, we are limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. A finding is clearly erroneous only where, on a review of the entire record, the appellate court has a definite and firm conviction that a mistake has been committed. *Crosswhite v. State,* 426 S.W.2d 67, 70–71 (Mo.1968). In such a review, we are required to give due regard to the trial judge's opportunity to hear the witnesses and to defer to his determination of credibility, unless it clearly and convincingly appears that he has abused his discretion. *Walster v. State,* 438 S.W.2d 1, 3 (Mo.1969).

■ Applying these principles and after examining the entire record, we are convinced that the trial court did not err in overruling the motion to vacate. The trial court, in its judgment, made the following findings:

"The movant testified that his attorney, right after the sentencing, discussed the appeal poibilities [sic] with him; that his attorney told him that he, the attorney, did not find any error that would justify an appeal; that his attorney told him that he would get him paroled in one year; that he would have him out in one year; that an appeal would take a long time and that he would be released in a year; and that the movant relied on what his attorney told him. He had at least one other discussion with the the [sic] attorney.

James Robison, his attorney at the trial, testified that following the sentencing of the movant he talked to him about an appeal and also had other conversations with him; that when he talked to him Alex Jackson was present; that he had the impression that Alex Jackson was the grandfather of the movant (the movant testified that Alex was not his granfather [sic]); that he told the movant that he did not think that there was any error on which to appeal; that he discussed all the alternatives with the movant with reference to an appeal; that he told the movant that he was a good risk for parole; that he never told him that he could get a parole for him; that after movant commenced his sentence he had movant's employer write to the parole board; that he based his recommendation that movant might be paroled *after one year* on the publicity that the institutions were overcrowded and that made probation more probable; the time factor was discussed with reference to an appeal; that he thought an appeal was a waste of time; that he did not tell movant that he could get him a parole after a year, but that he might be able to appear before the parole board in about one year; that letters from the movant indicated he wanted bond time; and then much later he first mentioned an appeal; that movant wrote him that he appeared before the parole board on July 7, 1976 (the defendant was setnenced [sic] on June 12, 1975); that he had known the movant since 1964 and had represented him several times; and that Alex Jackson who was present at the time of the conversation after sentencing was a friend of the movant and advised him to follow the recommendation of his attorney.

James Robison is a highly respected member of the bar. He has handled may [sic] criminal cases including a large number of appeals. The Court finds that he explained the matter of appeal to the movant who had the opportunity for a free choice from the time of the sentencing. The movant was not misled, his rights were not infringed, he was not pressured. He was not deprived of his right of appeal because of any misrepresentation, neglect or inattention of counsel. His rights were explained to him. He was at liberty to make his free choice.

The movant had effective assistance of counsel. The attorney was not derelict in his duty to movant.

The movant was not deprived of his constitutional rights."

The findings of the trial court are supported by the transcript of testimony at the

evidentiary hearing and are not clearly erroneous. The order and judgment denying movant's motion to vacate sentence is affirmed.

All concur.