**Frederick JETT, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 42568.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 23, 1980.

Dan B. Dildine, St. Charles, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George R. Westfall, Pros. Atty., Clayton, for respondent.

REINHARD, Judge.

Movant's Rule 27.26 motion sought to vacate his sentence imposed after a guilty plea to the charge of burglary second degree. The motion was denied without an evidentiary hearing.

■ On appeal, movant contends the trial court erred in determining that his plea was voluntarily made in that he had not been informed of the legal elements of the case. Movant did not raise this point in his Rule 27.26 motion; regardless, it is without merit because the movant admitted facts at the time of his plea sufficient to establish the offense of burglary second degree. He may not complain subsequently that he did not understand the nature of the charge. *Ballard v. State*, 577 S.W.2d 932, 934 (Mo.App. 1979).

■ On appeal, movant also raises a claim of ineffective assistance of counsel. Once a plea of guilty is entered, effective-

ness of counsel is material only to the extent that it affects whether the guilty plea was voluntarily and knowingly made. *Jackson v. State*, 572 S.W.2d 181, 182 (Mo. App.1978). In his Rule 27.26 motion, movant claims that his counsel failed to properly investigate his case. The plea of guilty transcript reveals that movant stated that he was voluntarily entering his plea of guilty; that he and another broke into the Mid–America Theatre and into the cash register; that he understood the range of punishment and that he would receive a seven–year sentence; that no other promises had been made to him except that sentence would be deferred to get the benefit of a presentence investigation; and, that he was satisfied with his counsel. This point is also without merit.

■ The record here fully establishes the voluntariness of his plea. *See, Thomas v. State*, Mo., 605 S.W.2d 792 (1980); *Chapman v. State*, 579 S.W.2d 855 (Mo.App. 1979).

Judgment affirmed.

DOWD, P. J., and CRIST, J., concur.