Denise R. STRICKLAND, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 31630.

Missouri Court of Appeals, Western District.

March 2, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 30, 1981.

Application to Transfer Denied May 11, 1981.

Peter N. Sterling, Acting Public Defender, Gary L. Gardner, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Darrell Panethiere, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P. J., SHANGLER and SOMERVILLE, JJ.

SOMERVILLE, Judge.

On January 30, 1976, Denise R. Strickland was charged by information with stealing property of a value of over Fifty Dollars (Section 560.156, RSMo 1969). She entered a plea of guilty thereto on September 8, 1976. Sentencing was deferred pending receipt of a pre-sentence investigation report. After receipt of said report, and more particularly on November 18, 1976, Denise R. Strickland was sentenced to ten (10) years imprisonment. The matter is now lodged in this court by virtue of an appeal taken by Denise R. Strickland (hereinafter movant) from denial of a Rule 27.26 motion seeking post-conviction relief.

In her Rule 27.26 motion movant asked that her sentence be vacated and that she be returned to the trial court for resentencing because the sentencing court had "rea-

sonable cause" to believe that she had "a mental disease or defect excluding fitness to proceed" when sentence was assessed and pronounced. It should be noted that movant makes no claim that she suffered from a "mental disease or defect excluding fitness to proceed" at the time she entered her guilty plea. As a matter of fact, she stipulated that her guilty plea was "knowingly and voluntarily" made.

The unusual posture of this Rule 27.26 proceeding is explained by reference to an unfortunate accident sustained by movant after she pleaded guilty and while she was awaiting sentencing. During the interim period, while in the custody of the Jackson County Department of Corrections, movant fell from a window during an attempt to escape and suffered a "fractured back", a "fractured pelvis", and "two broken heels". She was hospitalized at the Truman Medical Center from September 26, 1976 to November 1, 1976, and placed in "a full body cast". On November 1, 1976, movant was returned to the Jackson County Department of Corrections still wearing the "full body cast". Susan Stanton, Director of the Jackson County Department of Corrections, and two members of her staff, were prompted to contact the judge who accepted the guilty plea to see if sentencing could be expedited because of lack of facilities at the Department of Corrections to properly care for movant by reason of her physical condition. This meeting occurred in the judge's chambers on November 12, 1976, and pronouncement of sentence followed on November 18, 1976.

Movant posits her Rule 27.26 motion on paragraph 1 of Section 552.020, RSMo 1978, and the due process clause of the Fourteenth Amendment of the Constitution of the United States. Paragraph 1 of Section 552.020, *supra*, reads as follows: "No person who as a result of mental disease or defect lacks capacity to understand the proceedings against him or to assist in his own defense shall be tried, convicted *or sentenced* for the commission of an offense so long as the incapacity endures." (Emphasis added.) *Pate v. Robinson*, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966), and *Drope*

*v. Missouri*, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), are cited by movant in support of her companion contention that the due process clause of the Fourteenth Amendment required the sentencing judge to sua sponte inquire into her mental fitness before pronouncing sentence because he had reasonable cause to doubt her mental competence to understand the sentence proceeding.

Following an evidentiary hearing, judgment was entered denying the post-conviction relief sought by movant. It was accompanied by findings of fact that no evidence was adduced that the sentencing judge "was made aware, or had any reason to believe that . . . [Denise R. Strickland] was suffering from any mental disease or defect at the time of sentencing . . . nor was there any evidence adduced that . . . [Denise R. Strickland] was in fact suffering from a mental disease or defect at sentencing time within the meaning of Chapter 552."

Although this is not an archetypal Rule 27.26 case, the key for resolving it is nevertheless found in a number of prevailing substantive and procedural principles.

With reference to substantive principles, the import of *Pate v. Robinson, supra*, is that a fair trial as envisioned by due process of law requires a trial court sua sponte to conduct a hearing and adjudicate the question of whether an accused is mentally fit to proceed, if existing facts raise a "bona fide doubt" as to an accused's "competence to stand trial". Movant persuasively argues that both logic and the language of paragraph 1 of Section 552.020, *supra*, bring the sentencing process within the import of *Pate v. Robinson, supra*. However, the term "bona fide doubt" is not cut with judicial precision. As observed by the Supreme Court of the United States in *Drope v. Missouri, supra*, 95 S.Ct. at 908, "[t]here are, of course, no fixed or immutable signs which invariably indicate the need for further inquiry to determine fitness to proceed." As noted in *Bryant v. State*, 563 S.W.2d 37, 44 (Mo. banc 1978), "[t]he 'bona

fide' doubt spoken of in *Pate v. Robinson, supra,* does not relate to a question as to the mere existence of some mental disease or defect, but assuming the existence of a mental abnormality, it relates to whether there is a *bona fide doubt as to the defendant's competence to proceed.*" (Emphasis in original.) In the same vein, *McDonald v. State,* 572 S.W.2d 633, 635 (Mo.App.1978), cited and quoted with approval in *King v. State,* 581 S.W.2d 842, 846 (Mo.App.1979), points out that "suspicion or actual presence of some degree of mental illness or need for psychiatric treatment does not equate with incompetency to stand trial ... [n]either does the fact of commitment in a mental hospital, ... considerable emotional disturbance, ... nor alcoholism and drug addition, ... make a defendant incompetent as a matter of law."

With reference to procedural principles, grounds for relief asserted in a Rule 27.26 motion do not prove themselves and it is incumbent upon the movant to prove such grounds by a preponderance of the evidence. Rule 27.26(f); *Collins v. State,* 450 S.W.2d 186, 187 (Mo.1970); and *Wilson v. State,* 587 S.W.2d 343, 344–45 (Mo.App. 1979). Moreover, appellate review is limited to determining whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j); and *Crosswhite v. State,* 426 S.W.2d 67, 70 (Mo. 1968). When engaged in this review, due deference is given to the trial judge's assessment of the credibility of witnesses, *Walster v. State,* 438 S.W.2d 1, 3 (Mo.1969), and the finding by the trial court may not be said to be clearly erroneous unless the reviewing court " 'is left with the definite and firm conviction that a mistake has been committed' ", *Crosswhite v. State, supra,* 426 S.W.2d at 70–71.

A look at the facts anent the above principles is now in order. Neither counsel for movant nor counsel for the state ever moved for a mental examination. Evidence adduced at the evidentiary hearing touched upon two events, the in-chambers conference held on November 12, 1976, and pronouncement of sentence on November 18, 1976. As previously mentioned, the in-chambers conference was attended by Susan Stanton, Director of the Jackson County Department of Corrections, and two members of her staff, a psychiatric consultant and a paramedical technician. All three testified that the in-chambers conference was initiated to expedite sentencing because the Jackson County Department of Corrections did not have adequate facilities to care for Denise R. Strickland due to her *physical condition.* Neither of the witnesses made any statement to the judge concerning movant's mental competency nor suggested that she should be mentally examined or evaluated before sentencing. No transcript was offered or introduced concerning the proceedings which occurred on November 18, 1976. The only witness who touched upon that event was movant. She professed to remember little if anything about the event. No evidence was adduced regarding either event which proved or suggested any word or act which should have caused the judge who imposed sentence to have entertained some doubt, bona fide or otherwise, about movant's mental competency to understand the proceedings pertaining to the assessment and pronouncement of sentence. Movant's belated attempt to parlay her adverse physical condition into an adverse mental state for purposes of obtaining post-conviction relief fails for lack of evidentiary support.

After balancing the facts with the substantive and procedural principles governing disposition of this case, the findings, conclusions and judgment of the trial court may not be said to be clearly erroneous.

Judgment affirmed.

All concur.