Jessie James **ROBINSON,**
**Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 12211.**

Missouri Court of Appeals,
Southern District,
Division Three.

Sept. 21, 1981.

Motion for Rehearing or to Transfer
Denied Sept. 29, 1981.

Application to Transfer Denied
Nov. 10, 1981.

Mark J. Pelts, Kennett, for movant-appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Presiding Judge.

Jessie James Robison, serving a 25-year sentence for second degree murder, filed a postconviction motion under Rule 27.26, V.A.M.R., contending his attorney was ineffective in connection with his 1977 guilty plea and his plea was involuntary. An evidentiary hearing was held and movant denied relief. This appeal followed. We affirm.

In 1976 movant was charged with first degree murder for the fatal stabbing of Charles Nichols. As a result of plea bargaining, the charge was reduced to second degree murder and movant sentenced to serve 25 years in the penitentiary in exchange for his guilty plea.

At the evidentiary hearing the movant and his former attorney testified and the transcript of the guilty plea proceedings made a part of the record. In findings of fact and conclusions of law, the trial court found movant had been fully advised of his rights before entering his plea; that movant fully understood the facts necessary to charge second degree murder because both his attorney and the judge explained and related in detail the facts which gave rise to the charge; that his attorney did not tell him that if he did not plead guilty he would be found guilty by a jury and receive a sentence of more than 25 years; further, movant had effective assistance of counsel and that his plea was voluntary.

■ Once a guilty plea is entered, effectiveness of counsel is material only to the extent that it affects whether the plea is voluntarily and knowingly made. *Jett v. State*, 607 S.W.2d 173 (Mo.App.1980).

■ In light of the evidentiary hearing transcript and the guilty plea proceeding transcript, the findings, conclusions and order denying movant postconviction relief are not clearly erroneous.

The judgment is affirmed.

All concur.