Willie HUTCHINS, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 44180.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 13, 1981.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 20, 1981.

Application to Transfer Denied
Dec. 14, 1981.

David M. Johnson, Clayton, for movant-appellant.

John Ashcroft, Atty. Gen., Kirk Lohman, Asst. Atty. Gen., Jefferson City, for respondent.

SNYDER, Judge.

Movant appeals from a trial court judgment denying his Rule 27.26 motion without an evidentiary hearing.

Movant asserts that his guilty plea was involuntary because he relied on and was misled by his attorney's promise "to get him a time reduction." Movant's appeal is limited to whether the allegation of a promise of a "time reduction," in this fact situation, requires an evidentiary hearing to determine the truth of the allegation. The point is ruled against appellant and the judgment affirmed.

On June 3, 1980, movant, pursuant to a plea bargain, pleaded guilty to a charge of first degree robbery. Under the bargain the prosecution recommended a 20-year sentence, to be served concurrently with the sentence from another case that movant intended to plead guilty to the next day.

On June 27, 1980, movant, after changing attorneys, moved to withdraw the guilty plea and then on August 14, 1980 withdrew

this motion. On August 14 the prosecution recommended a 15-year sentence to be served concurrently with another 15-year term movant had received on a guilty plea in another action earlier that day. The court adopted the prosecution's sentencing recommendation.

Before accepting the guilty plea on June 3, the trial court had questioned movant extensively to ensure the voluntariness of his plea. The court made certain that movant understood the possible range of punishment, the recommended punishment, and the rights that he was waiving by pleading guilty. The court also made certain no one promised movant probation.

At the August 14 hearing the trial court asked movant if he wanted the court to repeat the questions. Movant said, "No, Sir." His counsel also agreed that it was unnecessary to repeat the questions movant had answered on June 3. The trial court did ask movant on August 14 if he understood that the prosecution was recommending a 15-year sentence. Movant replied, "Yes, Sir." The court also asked if anyone promised movant probation. Movant said, "No, Sir."

■ This court's review is limited to deciding whether the findings, conclusions and judgment of the trial court were clearly erroneous. Rule 27.26(j). Findings and conclusions are clearly erroneous only if, after reviewing the entire record, this court is left with the definite and firm impression that a mistake has been made. *Bryant v. State*, 608 S.W.2d 101, 102–103[2, 3] (Mo. App.1980); *Keller v. State*, 566 S.W.2d 260, 263[6–8] (Mo.App.1978).

■ To be entitled to an evidentiary hearing a movant must plead facts, which, if true, would allow him relief, and must show that the facts are not refuted by facts elicited at the guilty plea hearing. Rule 27.26(e). *Thomas v. State*, 605 S.W.2d 792, 794[3, 4] (Mo. banc 1980); *Smith v. State*, 513 S.W.2d 407, 410–411[1] (Mo. banc 1974), *cert. denied*, 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). The promise to movant of a time reduction, even if in fact made, would not entitle him to relief.

Movant argues that the promise of a time reduction was equivalent to a promise of early parole. Defense attorneys' firm and unequivocal promises of parole made to induce guilty pleas have been held to be proper bases for granting Rule 27.26 motions. *Lee v. State*, 499 S.W.2d 569 (Mo.App.1973); *State v. Rose*, 440 S.W.2d 441 (Mo.1969). *See Wilson v. State*, 561 S.W.2d 749, 751 (Mo.App.1978). Movant contends that because the trial court asked movant only about promises regarding probation and not about any other possible promises, the record does not refute movant's allegation. If the asserted promise of a time reduction were clearly a promise of parole the trial court's denial of the motion without an evidentiary hearing might be clearly erroneous.

■ This court, however, determines that under the facts here the term "time reduction" does not mean parole. A time reduction is simply a reduction in the length of the prison term. This promise to movant was fulfilled when movant's recommended sentence was reduced from 20 to 15 years. Even assuming the truth of movant's assertion that the promise was made, he could not have been misled by a fulfilled promise. The record clearly refutes movant's allegation.

The judgment of the trial court was not clearly erroneous. Rule 27.26(j). The judgment is affirmed.

CRIST, P. J., and REINHARD, J., concur.