**Willie J. WILLIAMS, Movant-Appellant,**

v.

**STATE of Missouri,
Plaintiff-Respondent.**

**No. 50970.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Aug. 12, 1986.

Motion for Rehearing and/or
Transfer to Supreme Court
Denied Sept. 24, 1986.

Application to Transfer
Denied Nov. 18, 1986.

James Stewart McKay, Public Defender, St. Louis, for movant-appellant.

John Munson Morris, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

KELLY, Judge.

Movant-appellant, Willie J. Williams, appeals from the judgment of the Circuit Court of the City of St. Louis denying his Rule 27.26 motion without an evidentiary hearing.

Appellant pled guilty on November 2, 1984 to robbery first degree in violation of § 569.020 RSMo (1978). Appellant's plea was entered pursuant to a plea agreement with the state, which called for the state to declare a nolle prosequi on a separate second degree murder charge in return for appellant's plea of guilty on the robbery charge. On December 7, 1984, in accordance with the plea agreement appellant was sentenced to fifteen years in custody of the Missouri Department of Corrections and Human Resources. The cause had previously been mistried twice because of the inability of the jurors to reach a unanimous verdict. Appellant bases his claim for relief under Rule 27.26 on the contentions that his counsel was ineffective in failing to contact two witnesses, one of whom was allegedly an alibi witness, and that his counsel acted improperly in using his mother to persuade him to plead guilty.

A trial court is only required to grant a movant an evidentiary hearing on his motion for post-conviction relief under Rule 27.26, if the movant has pled facts which, if true, are sufficient to form a basis for granting him relief and which are not refuted by the record. *Thomas v. State,* 605 S.W.2d 792, 794[3] (Mo. banc 1980); *Hutchins v. State,* 624 S.W.2d 191, 192[2] (Mo.App.1981). Where movant's conviction was pursuant to a plea of guilty, a trial court is only required to hold an evidentiary hearing on allegations relating to ineffective assistance of counsel, or improper acts by counsel, if the allegations are not refuted by the record and they indicate that the plea was not knowing and voluntary. *Avilla v. State,* 624 S.W.2d 189, 190 (Mo.App.1981); *Jett v. State,* 607 S.W.2d 173, 173–174[2] (Mo.App.1980); *Gilmore v. State,* 578 S.W.2d 71, 72[1] (Mo.App.1979). "A plea of guilty voluntarily and understandingly made waives all nonjurisdiction-

al defects and defenses." *State v. Cody,* 525 S.W.2d 333, 335[6] (Mo. banc 1975).

This court's review is limited, pursuant to Rule 27.26(j), to determining whether the findings and conclusions of the trial court are clearly erroneous. A trial court's findings and conclusions are only clearly erroneous if after reviewing the record, this court is left with the definite and firm belief that a mistake has been made. *Hutchins,* supra at 192[1].

■ At the guilty plea hearing the trial judge asked appellant if he had given his attorney the names of "any and all witnesses" that he thought might help him. He said that he had. He was then asked if he was satisfied with his "attorney's investigation of this case." He stated that he was satisfied. The trial judge also asked appellant "Are you fully satisfied with your attorney's legal services to date?" Appellant's answer again was in the affirmative. At the time of the guilty plea, appellant had been through two mistrials on the cause and if he had any doubts about the effectiveness of his counsel, or if he believed that his attorney had not called important witnesses at those earlier trials, he had an opportunity to indicate that at the guilty plea hearing. Instead, he indicated that he was satisfied with his attorney's actions. The trial court therefore concluded appellant's contention, that his guilty plea resulted from ineffective assistance of counsel in failing to contact certain alleged witnesses, was refuted by the record. This finding was not clearly erroneous.

■ We next address appellant's contention that he was entitled to an evidentiary hearing on his allegation that his attorney acted improperly in having his mother talk to him about pleading guilty. This allegation, even if true, would entitle appellant to relief only if his mother's influence resulted in his plea not being knowing and voluntary. At the guilty plea hearing, appellant was asked "has anyone threatened you or forced you *in any way* to plead guilty." (Emphasis added). Appellant stated that no one had. Also, the general rule is that

the influence asserted by the mother of a defendant "is not the sort of coercion which renders a knowing and understanding plea involuntary." *Schuler v. State,* 476 S.W.2d 596, 597[2] (Mo.1972). *See also State v. Maloney,* 434 S.W.2d 487, 49[4] (Mo.1968). Thus, the trial court's finding, that this contention did not require the holding of an evidentiary hearing, was not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and PUDLOWSKI, J., concur.