Edward L. GISCHER, Defendant–Appellant,

v.

STATE of Missouri, Plaintiff–Respondent.

No. 55846.

Missouri Court of Appeals, Eastern District, Division Five.

Aug. 22, 1989.

John A. Klosterman, Columbia, for defendant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

PUDLOWSKI, Chief Judge.

Movant, Edward L. Gischer, pled guilty to five counts of receiving stolen property, § 570.080 RSMo (1986), pursuant to a plea agreement. The trial court sentenced movant accordingly to four concurrent seven year terms and one consecutive seven year term of imprisonment.

On February 19, 1988, movant filed a *pro se* Missouri Supreme Court Rule 24.035 motion. Counsel was appointed and an amended motion filed. The motion was denied without an evidentiary hearing. Movant appeals. We affirm the motion court's denial.

Movant alleges the motion court erred in denying his allegation of ineffective assistance of counsel. Movant asserts that his reliance on his counsel's misstatement of the amount of jail time movant needed to serve in order to qualify for parole rendered his guilty plea involuntary. The motion court held the record refuted movant's allegations. We agree.

Appellate review of post-conviction relief is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. Missouri Supreme Court Rule 24.035(j). Such findings and conclusions are deemed clearly erroneous only if, after review of the entire record, the appellate court is left with a definite and firm impression that a mistake has been made. *Williams v. State*, 760 S.W.2d 200, 201 (Mo.App.1988).

■ Where the accused has entered a plea of guilty, adequacy of representation is material only if ineffective representation has affected the voluntariness and understanding of the plea. *Hemme v. State*, 680 S.W.2d 734 (Mo.App.1984). A movant is entitled to an evidentiary hearing if he alleges facts in his motion which, if true, would entitle him to relief; those facts alleged are not conclusively refuted by the record; and the matters complained of resulted in prejudice. *Williams*, 760 S.W.2d at 201.

■ Movant relies on cases holding that a defense attorney's firm and unequivocal promise of parole made to induce a guilty plea is a proper basis for granting post-conviction motions. *Hutchins v. State*, 624 S.W.2d 191, 192 (Mo.App.1981); *Lee v. State*, 499 S.W.2d 569 (Mo.App.1973); *State v. Rose*, 440 S.W.2d 441 (Mo.App. 1973). He argues that whether such promises were made can only be determined by an evidentiary hearing because the plea hearing record does not specifically address the alleged misrepresentation. We disagree.

The record conclusively refutes his allegation. Movant acknowledged at plea hearing that no promises other than those discussed on the record were made to him. The plea court informed movant that he could be sentenced to as much as thirty-five years in the penitentiary. Movant indicated that he understood his sentence was completely within the court's discretion. The court agreed to a fourteen year sentence but made no other assurances. The motion court properly found the record refuted movant's allegations.

The motion court's judgment is affirmed.

CRANDALL and CARL R. GAERTNER, JJ., concur.