Joseph JACKSON, Jr., Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 60963.

Supreme Court of Missouri, en banc.

Sept. 11, 1979.

Thomas C. Mummert, III, St. Louis, for movant-appellant.

John D. Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

MORGAN, Judge.

Appellant was convicted initially of murder in the first degree under § 559.010, RSMo 1969, and the jury assessed his punishment at death. The judgment entered thereon, was reversed by this court, for reasons not now relevant, in *State v. Jackson*, 463 S.W.2d 857 (Mo. banc 1971). Thereafter, on November 8, 1971, appellant entered a plea of guilty to a charge of felony murder and was sentenced to life imprisonment.

On May 17, 1976, appellant filed a pro se motion to vacate the conviction and sentence under Rule 27.26. The trial court denied the relief sought without appointment of counsel[1] or the holding of an evidentiary hearing. After affirmance of that ruling by the Court of Appeals, Eastern District, we sustained appellant's application to transfer the cause and now consider the same as on original appeal.

Grounds asserted in the motion were, generally, as follows: (1) that movant-appellant was threatened by the trial court judge that unless he entered a plea of guilty, he would be sentenced to death on the charge of murder in the first degree; (2) that the same threat was conveyed to him by his court appointed counsel; (3) that the trial judge personified to him the authority of the State of Missouri and he thereby was coerced into entering a plea of guilty; and, (4) that he now declared his innocence of the charge.

1. Although we resolve the case on an issue other than failure to appoint counsel, we do note that the *per se* rule mandating such appointment adopted in *Fields v. State*, 572

The "Memorandum Opinion" filed by the trial court, wherein relief was denied, is rather extensive; but we need only to point up a portion thereof:

On Monday, November 8, 1971, this Movant entered a plea of guilty to charge of Murder First Degree. A transcript of this plea was made, however due to death of the court reporter, Theodore Standroff, said transcript is not readily available, however, this Court knows the following:

1. This Court has never conversed with movant or any other accused either in chambers or elsewhere save for the actual taking of a plea, and then only in open court.

2. This Court has never 'threatened' accused or any other accused or importuned the entry of a plea of guilty to any charge by any defendant, and in fact, as hereinafter will be mentioned, has refused to accept pleas of guilty where the Court was not satisfied, beyond all doubt, after what this Court regards as thorough interrogation, that said pleas of guilty were knowingly, intelligently, freely and voluntarily made.

Therein, it was mentioned also that: "It is settled law that a Court may take judicial notice of its own files and records in post-conviction proceedings. *Parks v. State*, 518 S.W.2d 181 (Mo.App.1974)." Although we cannot determine the extent to which "delay" influenced the decision, the trial court did observe that: "The court may take this fact into consideration in considering the merits of the claim, *Rhoades v. State*, 504 S.W.2d 291 (Mo.App.1973), and in this regard, it is further noted that by and large four and one-half years is a substantial time for one to wait where he considers himself and his rights infringed upon." Lastly, it was concluded that: ". . . said Motion does not present a question of law or an issue of fact which requires such a hearing."

S.W.2d 477 (Mo. banc 1978), was given prospective application only and is not controlling here.

■ There can be little dispute as to the state of the law dispositive of this cause. To be entitled to an evidentiary hearing, a 27.26 movant must plead facts, not conclusions, which if true would entitle him to relief; and in a case such as this, only facts which tend to refute the legality of the plea are relevant. If the record conclusively substantiates that movant did in fact knowingly and voluntarily enter a plea of guilty, denial of an evidentiary hearing is proper. *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974), *cert. denied* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975); *Chapman v. State*, 579 S.W.2d 855 (Mo.App.1979); *James v. State*, 571 S.W.2d 127 (Mo.App.1978); and, Mo. Digest, Criminal Law, ⊷998(19).

In the instant case, however, it is impossible for this or any other reviewing court to resolve whether or not the plea proceedings met recognized standards. Very simply, the total absence of a record has created circumstances such as to deny any meaningful review of the judgment entered by the trial court. Compare *Arthur Lee Rice v. State of Missouri*, 585 S.W.2d 488 (1979), wherein comparable issues were resolved on the basis of a complete record.

■ The trial judge, as heretofore noted, has declared that there was no attempt to coerce movant into pleading guilty but only a proper, and necessary, explanation[2] as to the range of punishment authorized by statute for the particular crime. To the contrary, movant alleges that the possibility of death as a penalty was used by way of a threat to coerce his plea. There is nothing of record to refute the latter allegation, and the controlling question is whether or not a *factual* issue exists. We believe that it does and that an evidentiary hearing is mandated.

■ We think some further observations are called for: (1) when the total lack of a record is coupled with allegations challenging the propriety of past actions of a presently sitting judge, we believe that basic fairness dictates that the latter disqualify in the cause and request assignment of another judge;[3] and (2) that counsel be appointed so that the hearing had will put the issue to rest on the record.

The judgment is reversed and the cause is remanded for further proceedings consistent with this opinion.

BARDGETT, C. J., and DONNELLY, RENDLEN, SEILER and WELLIVER, JJ., concur.

HIGGINS, J., not participating because not a member of the court when cause was submitted.

---

2. The fact that the maximum range of authorized punishment was, in itself, a threatening alternative is insufficient to render the guilty plea involuntary. Nor does fear that the death penalty might be imposed render a plea vulnerable to such an attack. *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Taylor v. State*, 539 S.W.2d 589, 590 (Mo.App.1976); *State v. Clay*, 520 S.W.2d 172, 176 (Mo.App.1975); *Beeman v. State*, 502 S.W.2d 254, 255 (Mo.1973). Plea bargaining, by its very nature, assumes that a defendant sought to avoid the possibility of receiving a maximum sentence. See also *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

3. It is of some interest that Rule 42(b) of the Federal Rules of Criminal Procedure requires assignment of a criminal contempt proceeding to a judge other than the judge initiating the proceeding. *United States v. Meyer*, 462 F.2d 827 (D.C.1972), on remand 346 F.Supp. 973. In *Tyler v. Swenson*, 427 F.2d 412 (8th Cir. 1970), under facts comparable to those of the instant case, the court said, l. c. 415, that: "We think it runs against the grain of fairness to say that the same judge may consider his own crucial testimony and recollection rebutting petitioner's claim and simultaneously pass upon the credibility of all witnesses in weighing the evidence. * * * It has long been recognized under similar circumstances that a judge cannot serve as a material witness as well as the trier of fact."