Larry Darnell THOMAS, Appellant,

v.

STATE of Missouri, Respondent.

No. 61819.

Supreme Court of Missouri,
En Banc.

Sept. 9, 1980.

Linda Murphy, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

HIGGINS, Judge.

In 1969 Larry Darnell Thomas pleaded guilty to first degree murder, § 559.010, RSMo 1959, and assault with intent to kill with malice, § 559.180, RSMo 1959. He was sentenced to serve two concurrent life sentences without credit for pre–sentence jail time. He appealed from denial, without evidentiary hearing, of two motions for post conviction relief to challenge: 1) the standard by which a juvenile may be prosecuted under the general law; 2) voluntariness of his guilty pleas; 3) denial of credit for pre–sentence jail time; and 4) denial of his second post–conviction motion without appointment of counsel. The court of appeals affirmed and this Court transferred the appeal to review principally whether the trial court erred by denial of credit for pre–sentence jail time. Affirmed.

On April 30, 1968, Larry Darnell Thomas, age 16, together with another, entered the home of Mr. McAndrew armed with a loaded pistol and announced an intention to rob Mr. McAndrew and his wife. The accomplice took a wallet from Mr. McAndrew, then proposed sexual relations with his wife. She refused and the accomplice shot and wounded her. When McAndrews re-

monstrated, Thomas shot and killed him. The assailants took two wallets and left. Thomas was arrested the next day and taken to the Juvenile Detention Center in the City of St. Louis.

On June 25, 1968, after evidentiary hearing during which Larry Darnell Thomas was represented by counsel, the juvenile court found him not a proper subject to be dealt with under the Juvenile Code and dismissed the petition in his interest to permit him to be prosecuted under the general law.

On September 29, 1969, Thomas, then 18 years old, appeared with counsel in the Circuit Court of the City of St. Louis. The trial court determined the voluntariness of defendant's decision to plead guilty, his guilty pleas were entered, and the sentences were imposed. He was in custody 516 days prior to sentencing.

On April 19, 1977, Thomas, pro se, filed a Motion to Vacate and Set Aside Judgment under Rule 27.26, to attack his guilty pleas and the juvenile court proceeding. The motion was denied without an evidentiary hearing. On August 21, 1977, he, again pro se, filed a Motion to Correct Sentence in an attempt to get his pre–sentence jail time credited. That motion was denied on the ground that the allegations concerning allowance of jail time could have been included in the prior Motion to Vacate. Appeals from the denials of the April and August, 1977, motions were consolidated.

Appellant argues that § 211.071, RSMo 1969, "is invalid and unconstitutional because it is void for vagueness in that it provides no standard as to whether the juvenile 'is not a proper subject' to be dealt with under the provisions of the juvenile code . . . ."

Section 211.071 provides in part:

In the discretion of the judge of the juvenile court, when any petition under this chapter alleges that a child of the age of fourteen years or older has committed an offense which would be a felony if committed by an adult, . . . the petition may be dismissed and such child or minor may be prosecuted under the general law, whenever the judge after receiving the report of the investigation required by this chapter and hearing evidence finds that such child or minor is not a proper subject to be dealt with under the provisions of this chapter.

■ *State v. Williams,* 473 S.W.2d 382 (Mo.1971), ruled and denied this same contention. Defendant contended that "§ 211.-071 is invalid because it provides no standards for determining that he is not a proper subject to be dealt with" under the Juvenile Code. In ruling the section constitutionally valid, the Court stated:

the directive in the Juvenile Code that the juvenile court may, in its discretion, authorize a "child" of the age of fourteen years or older to be prosecuted under the general law, when after hearing it is found that such action shall be conducive "to the child's welfare and the best interest of the state," affords adequate and sufficient standards to guide the court in carrying out the legislative directive and intent.

*Id.* at 384. *Coney v. State,* 491 S.W.2d 501 (Mo.1973) reached the same conclusion. Appellant's further contention that he was entitled to an evidentiary hearing on this issue is refuted by the text of Rule 27.26 which provides for such hearing "if issues of fact are raised in the motion." An attack on the constitutionality of a statute does not raise an issue of fact.

Appellant alleges the court erroneously denied him an evidentiary hearing on his allegation that his plea "was not knowing, intelligent and voluntary due to ineffective assistance of counsel . . . . ."

■ To be entitled to an evidentiary hearing on the voluntariness of a guilty plea, defendant must plead facts which if true entitle him to relief and must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing. *Smith v. State,* 513 S.W.2d 407 (Mo. banc 1974) *cert. denied,* 420 U.S. 911, 95 S.Ct. 832, 42 L.Ed.2d 841 (1975). If the record conclusively establishes that the accused knowingly and voluntarily pleaded

guilty, it is proper to deny an evidentiary hearing on a motion for post conviction relief based on an allegation that the guilty plea was coerced. *Jackson v. State*, 585 S.W.2d 495 (Mo. banc 1979).

The record of the plea and sentencing shows that the trial court explained to defendant the nature of the charge against him and possible penalties, that he had the right to a jury trial with counsel, and that he was waiving this right upon a plea of guilty. In addition, the court determined in open court after questioning defendant, his mother, and his father that the plea was voluntary and not the result of force or threats. Finally, the prosecutor recited what the state's evidence would show, thus establishing the existence of a factual basis for the plea, and defendant agreed with that version of the facts. He also said that his attorney was representing him in a proper manner and doing everything for his interest in the matter.

■ The record thus establishes that defendant's plea was voluntary within the meaning of Rule 25.04 (present Rule 24.02). Accordingly, the trial court correctly denied an evidentiary hearing on the question of voluntariness.

Appellant challenges the court's denial of credit for the jail time served prior to his sentencing September 29, 1969. Section 546.615.1, RSMo 1969 provided in part:

> When a person has been convicted of a criminal offense in this state
>
> \* \* \* \* \* \*
>
> (2) The time spent by him in prison or jail prior to his conviction and the date on which sentence is pronounced may, in the discretion of the judge pronouncing sentence, be calculated as part of the term of the sentence imposed upon him.[1]

Appellant argues that by making credit for pre–sentence jail time discretionary, § 546.-615.1 unconstitutionally discriminates between those defendants who are financially able to make bond and those who are not. A defendant with sufficient means has no jail time because he is able to make bond. Appellant cites *Durkin v. Davis*, 390 F.Supp. 249 (E.D.Va.1975) for the proposition that, "failure to credit pre–sentence jail time to that class of persons who are too poor to make bond constitutes an invidious discrimination based on indigency and there is no rational justification for validating a system which requires the poor to suffer greater punishment than the wealthy solely because of their indigency."

Such an argument could apply only if appellant established that he was denied bond because of financial inability to make bond. This is not the case.

Article I, § 20 of the Missouri Constitution provides:

> That all persons shall be bailable by sufficient sureties, except for capital offenses, when the proof is evident or the presumption great.

■ The record shows that defendant was charged with murder in the first degree and assault with intent to kill with malice. There is no record of a request of a hearing for purposes of bail. Ultimately defendant pleaded guilty to both counts, after a recitation by the state of what the evidence would show. The state's version, with which defendant agreed, established guilt of felony murder, a capital offense at the time of the plea. Defendant thus was charged with a capital offense for which he likely would not have been bailable and has therefore not established that were it not for his indigency, he would not have remained in jail prior to his sentencing. In these circumstances there was no denial of equal protection. *See Valentine v. State*, 541 S.W.2d 558 (Mo. banc 1976) in denial of the same contention. *See also Gregg v. Wyrick*, 449 F.Supp. 969 (W.D.Mo.1978) recognizing that equal protection is not denied an indigent unable to make bail if his

1. A 1971 amendment to the statute made credit for jail time mandatory in cases in which judgment was not final prior to September 28, 1971. Section 546.615, RSMo 1969, as thus amended, was repealed in 1977 and § 558.031, RSMo 1978 now embodies mandatory credit for jail time.

offense is not bailable under Mo.Const., Art. I, § 20, *supra*.[2]

Appellant further contends that by the failure to grant credit for pre–sentence jail time, the trial court imposed a sentence in excess of the statutory maximum. He argues that because the maximum sentence on each count of life imprisonment was given, the denial of jail time credit created a sentence of life plus 516 days.

 The maximum sentence of life was given by the trial court in this case as authorized by statute. Limitation on a court's sentencing power applies to the length of sentence it can impose and not to the total time of confinement. The trial court in this case did not sentence defendant to the time he spent in jail before conviction; pre–conviction confinement is not part of the sentence imposed. The time spent in jail awaiting trial or sentence cannot be considered as part of any judgment subsequently pronounced and is not embraced within any penalty imposed.

 The legislature set life imprisonment as the maximum for each count in this case. The legislature also gave the sentencing court the discretion to grant or deny pre–sentence jail time. The trial court did not abuse its discretion by its denial. *See O'Neal v. State*, 486 S.W.2d 206, 208–209 (Mo.1972). Further, because this point involves a question of law and did not raise a question of fact, the trial court did not err in denying an evidentiary hearing on the issue of failure to credit time for pre-sentence custody. Rule 27.26(e), *supra*.

 Appellant contends the court erred by dismissing his petition to have jail time credited without first appointing counsel. *Fields v. State*, 572 S.W.2d 477 (Mo. banc 1978) mandated appointment of counsel for indigent pro se movants under Rule 27.26. In cases prior to *Fields v. State, supra*, however, appointment of counsel is required if movant pleads facts, not conclusions,

which if true would warrant relief and such factual allegations are not refuted by the record. *Sweazea v. State*, 588 S.W.2d 244, 245 (Mo.App.1979). Movant pleaded that he was entitled to credit for jail time. As demonstrated, that allegation does not warrant relief and the court thus did not err in failure to appoint counsel.

Accordingly, the judgments in denial of relief under Rule 27.26 are affirmed.

DONNELLY, RENDLEN, WELLIVER and MORGAN, JJ., concur.

BARDGETT, C. J., concurs in part and dissents in part in separate opinion filed.

SEILER, J., dissents and concurs in separate opinion of BARDGETT, C. J.

BARDGETT, Chief Justice, concurring in part and dissenting in part.

I dissent only with respect to the question of whether appellant is entitled to credit for jail time. Larry Darnell Thomas, petitioner here, spent a total of 516 days in preconviction detention. During this time petitioner apparently failed to request a bail hearing. However, as the majority opinion points out, in all likelihood petitioner would not have been eligible for bail due to the capital nature of the offense. Petitioner pleaded guilty to first–degree murder, § 559.010, RSMo 1959, and assault with intent to kill with malice, § 559.180, RSMo 1959. He was then sentenced to life imprisonment on each count (sentences to run concurrently), life being the maximum period of incarceration authorized by the legislature. Pursuant to the discretion granted by § 546.615.1, RSMo 1969, the trial court refused to grant petitioner credit on his sentence for his preconviction jail time.

Requiring petitioner to serve the maximum sentence, in addition to jail time accumulated on this charge prior to conviction, subjects petitioner to a sentence in excess of that authorized by the legislature as punishment for this crime and in effect

---

**2.** 77 A.L.R.3d 182 (1977) Right to Credit for Time Spent in Custody Prior to Trial or Sentence, § 5[b], indicates a general rule that a violation of equal protection occurs where the

statutory maximum is imposed and the court fails to give credit for pre–conviction time in custody only if there is a showing that bail was unavailable due to financial inability.

constitutes multiple punishment in violation of the double jeopardy clause of the Fifth Amendment which is applicable to the States through the Fourteenth Amendment. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). *Pearce*, although concerned primarily with crediting time served on an original conviction against the sentence imposed after reconviction of a defendant, stated at 718, 89 S.Ct. at 2077.

"We think it is clear that this basic constitutional guarantee is violated when punishment already exacted for an offense is not fully 'credited' in imposing sentence upon a new conviction for the same offense. The constitutional violation is flagrantly apparent in a case involving the imposition of a maximum sentence after reconviction. . . . Though not so dramatically evident, the same principle obviously holds true whenever punishment already endured is not fully subtracted from any new sentence imposed."

Petitioner was deprived of his liberty and held in custody for 516 days, presumably without right to bail. (See majority opinion at p. 795.) Such pretrial detention is nothing less than punishment. Time spent in the county jail is at least as restrictive and punitive as time spent in any other kind of penal institution. *See Brinkman v. Shubert*, 422 F.Supp. 820, (W.D.Wis.1976). *See also Carey v. Garrison*, 452 F.Supp. 485 (W.D.N.C.1978). Once petitioner has been sentenced to the maximum period of incarceration authorized by the legislature, failure to credit him these 516 days means that petitioner is essentially sentenced to life *plus* 516 days on these charges. The time in excess of the maximum authorized sentence

constitutes multiple punishment for the same offense in violation of the double jeopardy clause of the Fifth Amendment. Therefore, where preconviction confinement, in addition to the sentence imposed, exceeds the maximum sentence authorized as punishment by the legislature, credit for jail time is constitutionally required. *See Brinkman v. Shubert, supra; Taylor v. Gray*, 375 F.Supp. 790 (E.D.Wis.1974); *Culp v. Bounds*, 325 F.Supp. 416 (W.D.N.C.1971).

Additionally, the refusal of the trial court to credit jail time in this case violates the separation of powers clause of the Missouri Constitution. Mo.Const., art. 2, § 1. The trial court's failure to credit petitioner's jail time, thereby subjecting petitioner to a greater period of confinement than that authorized by the legislature as punishment for these crimes, violates the separation of powers clause, for it is solely within the power of the Missouri legislature to define criminal offenses and to prescribe the punishments to be imposed.[1]

The majority would apparently find that the discretionary nature of § 546.615.1 confers the approval of the legislature on the confinement of petitioner in excess of the maximum. I disagree. Nothing in § 546.615.1, RSMo 1969, indicates that the legislature intended to authorize or allow a trial judge to exercise his discretion so as to extend a defendant's total confinement on a charge in excess of the statutory maximum.

Preconviction detention is admittedly not part of a sentence imposed. However, preconviction time is now routinely credited where an indigent remains incarcerated by reason of his inability to make bail. *See Tate v. Short*, 401 U.S. 395, 91 S.Ct. 668, 28 L.Ed.2d 130 (1971); *Williams v. Illinois*, 399 U.S. 235, 90 S.Ct. 2018, 26 L.Ed.2d 586

---

1. The recent United States Supreme Court decision in *Whalen v. United States*, 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980), is consistent with this reasoning. The Supreme Court in *Whalen* held that the double jeopardy clause of the Fifth Amendment precludes federal courts from imposing consecutive sentences unless authorized by Congress to do so. The Court found that the guarantee against double jeopardy embodies the principle of separation of powers. Specifically, the power to define criminal offenses and to prescribe the punishments to be imposed upon those found guilty, resides wholly with the Congress. Where a federal court exceeds its own authority by imposing multiple punishments not authorized by Congress, it violates not only the specific guarantee against double jeopardy, but also the constitutional principle of separation of powers in a manner that trenches particularly harshly on individual liberty.

(1970). In my opinion, it makes no difference whether preconviction time is served due to the defendant's indigency or not. Preconviction incarceration is a deprivation of liberty pure and simple and, particularly where the sentence imposed is the maximum, the time must be credited against the defendant's sentence.