Leroy FORD, Appellant,

v.

STATE of Missouri, Respondent.

No. WD32707.

Missouri Court of Appeals,
Western District.

Sept. 21, 1982.

Joseph R. Borich, Collet, Borich & Helms, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., and KENNEDY and WASSERSTROM, JJ.

MANFORD, Presiding Judge.

Movant appeals the denial of post conviction relief pursuant to his Rule 27.26 motion and charges the trial court's judgment is clearly erroneous, (1) because movant's pleas of guilty were induced by appellant's attorney, (2) because defense counsel was ineffective for failure to investigate the facts and interview witnesses in preparation of movant's defense, and (3) movant seeks correction of sentence to include prior jail time.

The record reveals movant was charged with eight (8) felony offenses including robbery first degree, kidnapping, and assault with malice. The record also reveals that

through a plea bargain, movant entered pleas of guilty to each charge and received a sentence of ten (10) years on each charge, to be served concurrently. At the time of the guilty pleas, movant was incarcerated for violation of his probation on another felony charge. Upon the filing of this motion, counsel was appointed, an evidentiary hearing was held, and the court entered findings of fact and conclusions of law in conformity with the rule in *Fields v. State,* 572 S.W.2d 477 (Mo. banc 1978).

Under point (1), movant contends his guilty pleas were induced by defense counsel and were thus involuntary. Movant now contends he was induced by defense counsel to plead guilty to crimes he did not commit, to lie to the trial court, and to seek out-of-state incarceration because of threats to his life. Aside from movant's own testimony, the record does not support movant's argument. Movant's own father testified at the 27.26 hearing that he heard the defense counsel advise movant to plead guilty, but never heard counsel advise movant how to answer any questions during the guilty plea hearing. In his argument, movant also contends his own father insisted he plead guilty. The father, testifying at the 27.26 hearing, denied ever insisting his son plead guilty. Defense counsel testified at the 27.26 hearing and stated he advised movant of his chances at trial, that the prosecution would file a persistent offender charge against him if the cases went to trial; that he negotiated a 10-year sentence for each offense to be served concurrently, that, in his judgment, the pleas were in movant's own interest; but that the final decision to plead was left to movant and movant decided upon the pleas of guilty.

Movant also contends that his placement in an out-of-state correctional facility was part of an inducement by his father and counsel to plead guilty. The record on the 27.26 motion established at the time of the pleas that the prosecution placed little importance on the out-of-state incarceration as part of the plea bargain because defense counsel had to remind the prosecutor at the time the plea entry was made. It has been contended that the out-of-state incarceration was necessary because of threats to movant's life. The record reveals movant had provided information to authorities about a capital murder case. As was pointed out by the trial judge in these proceedings, this was of little import because out-of-state incarceration had been ordered and movant placed in Nebraska. Movant made repeated attempts to introduce various letters from fellow inmates to buttress his life-threatening problem. The letters are of particular interest, as the record reveals they were dated *after* movant's pleas. In addition, defense counsel testified that movant's real reason for wanting out-of-state incarceration was not out of fear for his life, *but rather he wanted to be placed in a specific Nebraska institution because two of his friends were incarcerated there and since he had to do the time, he wished to serve it with them.* Movant was placed in custody in the specific institution he requested at the time his pleas were entered.

The trial court upon the 27.26 hearing was not obliged to believe movant's testimony. *Jones v. State,* 598 S.W.2d 595 (Mo. App.1980) and in fact it would have been nothing short of incredible if the judge had believed movant's testimony. The record supports a finding that movant willingly, knowingly, and voluntarily entered his pleas of guilty to the eight felony charges against him in exchange for concurrent sentences of 10 years, dismissal of other felony charges, and placement in an out-of-state facility of his choice for purposes of incarceration.

There is no merit to point (1) and it is ruled against movant.

Under point (2), movant charges his defense counsel was ineffective for failure to investigate the facts of the charges and to interview certain witnesses.

Movant contends his counsel was ineffective because he did not depose four witnesses. Actually, these "witnesses" were alleged victims. The record reveals that three of these parties could not identify movant at all, or, at best, could make only a tentative identification and defense counsel

admitted he did not interview these persons. However, the fourth person was a taxi cab driver. This person not only positively identified movant, but there was further evidence from arresting police officers that, at the time of movant's arrest, as he fled from the scene, this fourth person as a victim, was rescued from the trunk of his taxi cab where movant had placed him in furthering the robbery and kidnapping of this victim. In addition, the parties herein stipulated that, if called as witnesses in the 27.26 proceeding, one of the investigating officers would testify movant confessed to him the commission of the offenses charged.

■ Movant had the burden of proving defense counsel was ineffective and that counsel violated some duty owed movant, plus proof that movant was prejudiced by such violation. *Bryant v. State,* 608 S.W.2d 101 (Mo.App.1980); *Seales v. State,* 580 S.W.2d 733 (Mo. banc 1979). The record fails to show, under the facts and circumstances of the instant case, that defense counsel's failure to personally interview witnesses was anything less than conduct reasonably expected of counsel. Stated another way, counsel's approach to the handling of movant's case was reasonable under the facts and circumstances herein. The failure to investigate is not per se tantamount to ineffective assistance of counsel, but the question is whether under the facts and circumstances of any given case, an investigation is warranted. *Hall v. State,* 496 S.W.2d 300, 303 (Mo.App.1973). Movant has failed to meet his burden of proof that counsel was ineffective. *Haynes v. State,* 534 S.W.2d 552 (Mo.App.1976).

Point (2) is found to be without merit and is ruled against movant.

■ Under his final point (3), movant shifts his attack on the trial court's ruling. His final point seeks correction of his sentencing by applying credit for prior jail time. This point fails for two reasons. In the first instance, the judgment giving rise to this appeal orders movant to be given credit for ". . . time served awaiting disposition on the above-mentioned causes to the sentence he received in each cause." Thus, movant contends the trial court erred by ordering the very thing for which movant now seeks relief. Movant's challenge is a contradiction. Further it is questionable whether correction of a sentence premised upon a claim for prior jail time is a proper proceeding pursuant to Rule 27.26. It has been ruled that where such issue involves a question of law and did not raise a fact question, the trial court did not err in its denial of an evidentiary hearing on that issue in a 27.26 proceeding. *Thomas v. State,* 605 S.W.2d 792, 796 (Mo. banc 1980).

What movant seeks herein is the application of 501 days jail time credit on his eight concurrent sentences. It appears, as suggested by respondent and under *Thomas,* the more appropriate action would be an action for declaratory judgment. As regards the instant case, however, other factors must be noted. In the first instance, except for the bare assertion by movant that he was entitled to such credit, there is no evidence before this court on that issue. In the absence of such evidence, this court is not able to make any determination of the issue. Respondent alleges that records would reveal movant actually received credit for 515 days' jail time, but since no evidence was presented, such facts are outside the record before this court and this court cannot consider the same. Movant herein has failed to carry his burden of proof on this issue and point (3) fails. Moreover, this court is not in a position to know what further proceedings, if any, might be commenced by movant, but this court is mindful of the ruling in *Thomas* that if a claim for correction of sentence premised upon prior jail time credit poses no factual issue, then a judgment of a trial court denying an evidentiary hearing on such issue will not be held to be clearly erroneous. Point (3) is found to be without merit and is ruled against movant.

The judgment herein is found *not* to be clearly erroneous and is hereby affirmed.