**Farrell Dean JONES, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 49686.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 23, 1985.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 16, 1985.

Application to Transfer Denied
Oct. 16, 1985.

Dave Hemingway, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Jefferson City, for respondent.

PUDLOWSKI, Presiding Judge.

Appellant Farrell Jones appeals from the dismissal without evidentiary hearing of a motion to vacate his guilty plea and sentence under Rule 27.26. We affirm.

In the City of St. Louis Circuit Court, appellant pleaded guilty to stealing from person. Presiding Judge Michael F. Godfrey sentenced appellant to two years imprisonment to run consecutively with a sentence already imposed in a previous cause. In exchange for his plea, the state agreed to reduce the charge against him from robbery first degree. The charge arose from an incident where appellant took $15.40 from a thirteen year-old newsboy.

On July 26, 1984, appellant filed the Rule 27.26 motion to vacate his guilty plea and sentence. Appellant claims the court erred in denying this motion without an evidentiary hearing. The standard for determining whether a Rule 27.26 movant is entitled to an evidentiary hearing is whether he has pleaded facts, not conclusions which if true, would entitle him to relief and whether these factual allegations are refuted by the record. *Smith v. State,* 513 S.W.2d 407, 410–11 (Mo. banc 1974), *McClain v. State,* 686 S.W.2d 879, 880 (Mo. App.1985). Appellant's motion alleged, without any factual foundation, that his attorney misled him into believing the court would hand down a concurrent two (2) year sentence. Rather, appellant offered to produce his own testimony as well as that of his trial attorney to establish his allegations.

Appellant's brief, citing *Moore v. State,* 488 S.W.2d 266, 270 (Mo.App.1972), correctly states that if an accused is misled his plea is not voluntary. However, we find that appellant's own testimony at the plea proceeding reveals he was not misled. Indeed, the record plainly refutes his contention and disposes of appellant's entitlement to a hearing on the issue.

During the plea proceeding, the trial judge made it clear to appellant that the court is the final dispenser of justice with respect to the amount and manner of punishment. Appellant affirmed to the court an understanding of this as well as the range of punishment he might receive as a result of his plea. Various portions of the transcript clearly indicate this:

THE COURT: Now, I know, Mr. Jones, that your attorney, Mr. Webb, has told you what the range of punishment is for the offense of Stealing From a Person but it's the court's duty to tell you also that Stealing From a Person carries with it this range of punishment: a fine of one dollar to one thousand dollars and/or from one day to one year in the City Workhouse or from two years to ten years in the Missouri Penitentiary. That's the range of punishment; you understand that?

MR. JONES: Yes sir.

THE COURT: Mr. Jones you have heard the facts as stated to the Court by the Assistant Circuit Attorney and are those facts that were stated to the Court correct?

Mr. Jones: Yes, sir.

THE COURT: Does the State have a recommendation in the matter?

MR. McCARTNEY: Yes, your Honor. The State's recommendation is two years in the Missouri Department of Corrections and that—those two years be run consecutive with a sentencing already imposed in 77–0039.

THE COURT: Mr. Jones, you expected, didn't you, that when you pleaded guilty to this charge that you should be sentenced to a term of two years in the Missouri Department of Corrections.

MR. JONES: Yes, sir.

Appellant further affirmed that he was not induced to plead guilty by any promise or expectation of leniency:

THE COURT: Now, I understand, Mr. Jones, that at least my experience has taught me that your attorney—you, through your attorney, has negotiated with the Assistant Circuit Attorney that for a recommendation that the State would make to the Court for your plea of guilty you've decided to plead guilty to this charge. Now, that is known as a negotiated plea, and it's totally legal and completely valid and lawful. Now, except for that negotiation for your entering a plea of guilty and for the state recommending two years, except for that, has anybody promised you anything at all in order to get you to—such as you're going to get probation, that you're going to be sent to a certain place of confinement in the Department of Corrections. Has any promise been made to you whatsoever?

MR. JONES: No. sir.

Appellant's contention, that his attorney misled him into believing the court would hand down a concurrent two year sentence, is conclusory and refuted by the record. The trial court was correct in dismissing appellant's motion without an evidentiary hearing. The decision of the trial court is affirmed.

CARL R. GAERTNER and KAROHL, JJ., concur.