Gary Duane SONNENBERG, Appellant,

v.

STATE of Missouri, Respondent.

No. 52029.

Missouri Court of Appeals,
Eastern District,
Division One.

June 30, 1987.

Motion for Rehearing and/or Transfer
Denied July 30, 1987.

Application to Transfer
Denied Sept. 15, 1987.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

CRIST, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing. We affirm.

On December 15, 1981, movant pled guilty to robbery first degree, § 569.020, RSMo 1986, and to carrying a concealed weapon, § 571.030.1.(1), RSMo 1986, and entered an alford plea to a charge of assault first degree, § 565.050, RSMo 1986. At that time movant was sentenced to two terms of twenty years' imprisonment for the robbery and assault charges, and one five-year term of imprisonment for the weapons charge, said sentences to be served concurrently.

At his plea hearing the court questioned movant to ascertain the voluntary nature of each of the three pleas. Three times movant was asked "Has anyone made any promises to you regarding your plea of guilty here today?" and three times he was asked "Were any promises made to you with reference to the amount of time to be served or possible probation?" Three times movant denied there were any promises; three times he specifically denied any promises concerning probation. Likewise, when the court asked movant "Do you understand the Court makes no promises to you as to the amount of time to be served or possible probation?" he thrice indicated he understood.

On August 2, 1985, nearly four years after his plea hearing, movant filed a Rule 27.26 motion seeking to correct his sentence. In that motion he alleged he entered the pleas because his trial attorney told him he "would only have to do 4–6 years." Movant further alleged his parole officer has now told him he "will have to do more like 7–10 years."

We note at the onset that the Rule 27.26 trial court is not required to give movant an evidentiary hearing unless he pleads facts which if true, would entitle him to relief and those factual allegations are not refuted by the record. *Jones v. State*, 697

S.W.2d 277, 278[1] (Mo.App.1985). The transcript of movant's plea hearing clearly refutes movant's allegations of promises of probation. *Marlatt v. State*, 672 S.W.2d 165, 167[3] (Mo.App.1984). Still movant was given an evidentiary hearing. At that hearing, movant's trial counsel testified "I would never have guaranteed anybody anything as far as that [amount of time to actually be served] goes." Credibility of the witnesses is for the Rule 27.26 trial court. *Watson v. State*, 650 S.W.2d 639, 640 (Mo.App.1983).

The Rule 27.26 trial court found "the transcript of the plea hearing … and the testimony at the [Rule 27.26] hearing conclusively show that Movant is not entitled to any relief." We find this conclusion supported by the evidence and not clearly erroneous.

Judgment affirmed.

SATZ, P.J., and KELLY, J., concur.