Damon Lamar **HURD**, Appellant,

v.

**STATE of Missouri, Respondent.**

No. 52973.

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 1, 1987.

Laurence Gavin Schmidt, Hillsboro, for appellant.

William L. Webster, Atty. Gen., Jeffrey Philip Dix, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Damon Lamar Hurd, defendant, appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. Finding defendant's contention to be without merit, we affirm.

The facts show that defendant pled guilty on January 11, 1983, to murder in the second degree RSMo § 565.021 (1986) and was sentenced to twenty years imprisonment. Defendant originally had been charged with capital murder or, in the alternative, murder in the first degree and two counts of assault in the first degree. The capital murder charge was reduced to second degree murder in exchange for defendant's plea of guilty. Furthermore, under the plea arrangement, the assault charges were dismissed.

Subsequently, on January 13, 1983, defendant moved *pro se* to set aside the plea of guilty; however, defendant then withdrew his request to vacate the guilty plea. Defendant next filed a motion pursuant to Rule 27.26. The motion maintained that defendant's plea of guilty and his subsequent abandonment of his motion to withdraw the guilty plea were involuntary. Defendant claimed that he was coerced into pleading guilty by counsel, defendant alleging that counsel advised him that he would receive the death penalty if he did not enter a guilty plea and, instead, chose to pursue a jury trial and was found guilty. The trial court determined that defendant's claim was refuted by the record and, therefore, denied the motion without a hearing.

■ In a Rule 27.26 motion, appellate review is limited to a determination of whether the findings, conclusions and judgment of the lower court are clearly erroneous. Rule 27.26(j). And, where a guilty plea has been entered, appellate courts defer to the trial court's determination of the plea's voluntariness absent a clear abuse of discretion. *State v. Bonds*, 521 S.W.2d 18, 20 (Mo.App., E.D.1975).

■ Defendant argues that his Rule 27.26 motion should not have been dismissed without an evidentiary hearing. However, in order to be entitled to an evidentiary hearing on the voluntariness of a guilty plea, defendant must plead facts which, if true, would entitle him to relief, and he must show that such factual allegations are not refuted by facts elicited at the guilty plea hearing. *Thomas v. State*, 605 S.W.2d 792, 794 (Mo. banc 1980); *Deaton v. State*, 705 S.W.2d 70, 76 (Mo.App., E.D. 1986). For, if the record conclusively establishes that defendant knowingly and voluntarily pleaded guilty, it is proper to deny an evidentiary hearing on a motion alleging that the plea of guilty was coerced. *Thomas*, 605 S.W.2d at 794–95.

■ In the present case, defendant's allegation of coercion is clearly refuted by the record. During the plea of guilty hearing, defendant stated that his counsel had told him to tell the truth and that he, defendant, would testify to the truth. The trial court then found that defendant had voluntarily entered the plea of guilty. The credibility of a witness is a matter for the trial court's determination. *Leigh v. State*, 673 S.W.2d 788, 790 (Mo.App., E.D.1984).

The record demonstrates that defendant did not plead guilty because he feared being sentenced to death; instead, he feared being sentenced to life imprisonment. The transcript of the plea of guilty hearing reveals the following:

The Court: Why don't you want to try the case?

The Defendant: I'd rather have twenty years than to have life and fifty.

And, later in the hearing, this exchange took place:

The Court: Do you understand that if [a jury finds you guilty of capital murder], then there would be only *one* [emphasis added] punishment, life with imprisonment for fifty years without probation or parole?

The Defendant: Yes, sir.

Defendant's testimony at the guilty plea proceeding on numerous occasions expressly and directly contradicted his claim that the plea was involuntary. *See Oerly v. State*, 658 S.W.2d 894, 896 (Mo.App., W.D. 1983). Even assuming, *arguendo*, that defendant believed a death sentence would result from a conviction for capital murder, the fact that the maximum range of authorized punishment is in itself a threatening alternative is insufficient to render a guilty plea involuntary. *Jackson v. State*, 585 S.W.2d 495, 497 (Mo. banc 1979). Fear that the death penalty might be imposed does not render a guilty plea vulnerable to a subsequent attack on the ground that the plea was coerced. *Id.*

The record here conclusively establishes that the defendant entered his plea of guilty voluntarily. The trial court correctly denied an evidentiary hearing as to the voluntariness of defendant's guilty plea.

The judgment of the trial court is affirmed.

SIMON and STEPHAN, JJ., concur.