**Frederick STOCK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 52602.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Sept. 15, 1987.

Motion for Rehearing and/or Transfer
Denied Oct. 21, 1987.

Application to Transfer Denied
Dec. 15, 1987.

David C. Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Carrie Francke, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Defendant pled guilty to attempting to obtain a schedule II controlled substance by fraud, RSMo § 195.170 (1986), and to being a persistent offender, RSMo § 558.016.3 (1986). Defendant received a fifteen year suspended execution of sentence and five years probation. Defendant subsequently violated his probation and was sentenced to fifteen years imprisonment. Defendant now appeals from the denial of his Rule 27.26 motion to vacate judgment and sentence. We affirm.

Defendant first contends that the pressure and coercion he felt at the time of the guilty plea hearing rendered his guilty plea involuntary. Defendant asserts that his treatment for chemical dependency at the Edgewood Center, just prior to the guilty plea hearing, was a type of "brainwashing." He felt intimidated by his parole officer and lived in fear of fellow inmates at the county jail. Defendant also claims that his attorney "goaded" him by saying "[he] would be a fool if [he] did not take

the fifteen years." Defendant argues that these facts and circumstances negate a voluntary, knowing and uncoerced guilty plea.

 We initially note that in an appeal from the denial of a Rule 27.26 motion, we limit our review to a determination of whether the findings, conclusions and judgment of the lower court are clearly erroneous. Rule 27.26(j); *Hurd v. State,* 735 S.W.2d 438, 439 (Mo.App., E.D.1987). At the guilty plea hearing, the court found defendant's guilty plea to be freely and voluntarily given and knowingly made. Defendant's testimony at the Rule 27.26 evidentiary hearing conflicts with the guilty plea hearing court's finding of voluntariness. But credibility of witnesses and resolving conflicts in evidence are determinations for the lower court. *Hurd v. State,* 735 S.W.2d at 439. The guilty plea hearing record clearly reflects that defendant knowingly and voluntarily entered his plea. The Rule 27.26 hearing court was free to accept this evidence and reject defendant's subsequent, contradictory testimony in making its determination. *Menees v. State,* 693 S.W.2d 334, 335 (Mo.App., S.D.1985). The lower court's finding that defendant's guilty plea was voluntary was not clearly erroneous. Point denied.

In his second point defendant claims the Rule 27.26 hearing court erred in denying his claim for ineffective assistance of counsel. Defendant argues that his attorney "confessed" his persistent offender status without requiring the state to prove it and without defendant's permission or knowledge. Defendant asserts that he first knew of his persistent offender charge after the guilty plea hearing when he reviewed the record.

 The guilty plea hearing record refutes defendant's claim that he was unaware of the persistent offender charge at the guilty plea hearing. Defendant was present when his attorney confessed to the persistent offender charge. Defendant answered affirmatively when asked by the court if he had discussed the range of punishment. Defendant repeated after the judge: "I, Fred Louis Stock ... am pleading guilty ... to the charge ... of a persistent offender...." Furthermore, defendant expressed his satisfaction with his attorney's performance in the case. The Rule 27.26 hearing court's conclusion rejecting defendant's ineffective assistance of counsel claim was not clearly erroneous. *Hurd v. State,* 738 S.W.2d at 439. Point denied.

Finding defendant's arguments without merit, we affirm the judgment of the lower court.

SIMON and STEPHAN, JJ., concur.