**Carmen DECK, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 54214.**

Missouri Court of Appeals,
Eastern District,
Division One.

July 26, 1988.

Steven Eugene Jordon, Asst. Public Defender, Farmington, for appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent.

GARY M. GAERTNER, Presiding Judge.

Carmen Deck, movant, appeals from the motion court's order denying his Rule 27.26 motion without an evidentiary hearing. Deck pled guilty to five counts of second degree burglary, in violation of RSMo § 569.170 (1986), two counts of stealing over $150.00, in violation of RSMo § 570.030 (1986), and two counts of stealing under $150.00, misdemeanors in violation of RSMo § 570.030 (1986). He was sentenced to concurrent terms of seven years imprisonment for each of the burglary counts, seven years imprisonment for each of the stealing over $150.00 counts, and one year for each of the stealing under $150.00 counts. On appeal, Deck alleges that due to ineffective assistance of counsel his guilty plea was involuntary. Finding the contention to be without merit, we affirm.

At the outset, this court recognizes that once a defendant enters a plea of guilty to an offense, the issue of effectiveness of counsel is material only to the extent that it affects whether the guilty plea was made voluntarily and knowingly. *Sanders v. State,* 716 S.W.2d 844, 845 (Mo.App., E.D. 1986). The motion court, in its order which denied Deck's Rule 27.26 motion, decided his claim of ineffective assistance of counsel was refuted by the transcript of the guilty plea proceeding; that is, it determined Deck's plea of guilty was made voluntarily.

In a Rule 27.26 motion, appellate review is limited to a determination of whether the

findings, conclusions and judgment of the motion court are clearly erroneous. Rule 27.26(j). Findings of fact and conclusions of law are clearly erroneous only if, upon a review of the entire record, this court is left with the definite and firm impression that the motion court is mistaken. *Anderson v. State,* 487 S.W.2d 455, 460 (Mo.1972). We must defer to the motion court's decision as to the voluntariness of a plea of guilty absent a clear abuse of discretion. *Hurd v. State,* 735 S.W.2d 438, 439 (Mo.App., E.D.1987).

Deck asserts that the motion court should not have dismissed his Rule 27.26 motion without an evidentiary hearing. However, in order for one to be entitled to such a hearing, he must plead facts which, if true, would entitle him to relief. *Thomas v. State,* 605 S.W.2d 792, 794 (Mo. banc 1980); *Deaton v. State,* 705 S.W.2d 70, 76 (Mo.App., E.D.1986). The allegation of mere conclusions, devoid of any factual foundation, does not suffice. *See Jones v. State,* 697 S.W.2d 277, 278 (Mo.App.E.D. 1985). Further, one must show that such factual allegations are not refuted by facts elicited at the guilty plea proceeding. *Thomas v. State,* 605 S.W.2d at 794. For, if the record conclusively establishes that a defendant knowingly and voluntarily pled guilty, it is appropriate to deny him an evidentiary hearing on a motion alleging that the guilty plea was coerced. *Id.* at 794–95.

In the present case, Deck alleged that his plea of guilty was involuntary. His Rule 27.26 motion claimed that counsel failed to adequately investigate his case; specifically, it claimed counsel did not conduct an adequate investigation so as to advise Deck of his right not to make incriminating statements. Deck does not allege as to what crimes he made incriminating statements, the contents of any statements he made, or how these statements harmed him or caused him to plead guilty.

The transcript of the guilty plea proceeding reveals the following exchange:

Court: Do you fully understand all of these charges against you?

Movant: Yes.

. . . .

Court: Has your attorney investigated these cases to your satisfaction?

Movant: Yes.

Court: Has your attorney interviewed all witnesses that you know of, including any alibi witnesses, if they were applicable in these cases?

Movant: Yes, sir.

Court: Are you fully satisfied with the advice and counsel of your attorney in regard to these cases?

Movant: Yes.

Court: Do you have any complaint whatsoever about his handling of the matter?

Movant: No.

Deck, during the guilty plea proceeding, never even implied that he was pleading guilty as a result of incriminating statements which he allegedly made. Thus, the record refutes Deck's contention that his plea of guilty was not voluntary and, therefore, disposes of any right to an evidentiary hearing. *See Williams v. State,* 718 S.W.2d 542, 544 (Mo.App., E.D.1986). The Missouri Supreme Court has specifically ruled that the fact that there is an allegedly inadmissible confession in existence which might have been used in evidence against a movant is not a sufficient basis to vacate a judgment and sentence entered pursuant to a guilty plea, where it is shown that the plea was otherwise voluntarily and understandably made. *Coney v. State,* 491 S.W.2d 501, 513 (Mo.1973).

The judgment of the motion court is affirmed.

REINHARD and CRIST, JJ., concur.