Charles E. **WOODS,** Movant–Appellant,

v.

**STATE of Missouri,** Respondent.

No. 15819.

Missouri Court of Appeals,
Southern District,
Division One.

March 7, 1989.

Motion for Rehearing or to Transfer
to Supreme Court Denied
March 29, 1989.

Application to Transfer Denied
May 16, 1989.

---

Nancy Hentig Narrow, Public Defender, Benton, for movant-appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

GREENE, Judge.

After jury-trial, Charles E. Woods was convicted of the crimes of sexual abuse in the first degree and sodomy for which he received concurrent sentences of five and fifteen years' imprisonment. The incidents on which the filing of the charges were based involved the sexual molestation by Woods of three little boys and the sodomizing of two of them. The victims were brothers ranging in age from four years old to eleven. The revolting details of the sexual assaults need not be repeated here. Woods' convictions were affirmed on appeal. *State v. Woods*, 723 S.W.2d 488 (Mo. App.1986).

After Woods was confined to serve his sentences, he filed a pro se motion to vacate his convictions.[1] Woods' motion, after amendment by appointed counsel, alleged, in addition to matters not relevant here because not preserved for appellate review, ineffective assistance of trial counsel for failure to, prior to trial, adequately interview prospective defense witness Frank Wilderness. Woods claimed that, because of such failure, his trial counsel did not discover pertinent facts, or question Wilderness at trial about those facts, that were relevant to his defense. The motion court, without evidentiary hearing, made findings of fact and conclusions of law, and denied the motion to vacate. This appeal followed.

It appears from the meager record before us, that the State's evidence was that the sexual assaults by Woods on the three children occurred between May 1 and May 24, 1984, in a garage/shed behind Wilderness' home. At trial, Wilderness testified that during the month of May, 1984, he did not observe any man and three boys in the building. Woods contends here that had his trial counsel properly interviewed Wilderness, he would have been able to discover that during the time period in question, Wilderness had a half German shepherd, half Doberman pinscher tied to the building and that the dog would not have let anyone enter it, and could have brought out those facts by questions directed to Wilderness during direct examination.

Relevant findings and conclusions by the motion court on this issue are as follows:

> The evidence clearly establishes that Movant's trial counsel did in fact meet with and talk to witness Frank Wilderness prior to the date of trial and in fact did call him as a witness in behalf of the Movant at said trial. The transcripts further show that Movant's trial counsel was not advised as to any dog which may have been located on the premises of Frank Wilderness, Jr. in May of 1984 until after witness Frank Wilderness, Jr. had testified and had been released from the witness stand.

---

1. The instant proceeding is governed by former Rule 27.26, as the sentences were pronounced prior to January 1, 1988, and movant's motion under Rule 27.26 was pending prior to January 1, 1988. Rule 29.15(m), Missouri Rules of Criminal Procedure (19th ed. 1988).

Further, that Movant's trial counsel asked the trial court to recall witness Frank Wilderness, Jr. to the witness stand for purposes of expanding his testimony which request was denied in the discretion of the trial court which discretion was sustained in the appellate decision of *State vs. Woods. supra.*

. . . .

Movant's trial counsel took such steps as would conform to the degree of care and skill of reasonably competent lawyers rendering like services under similar circumstances and cannot be held to be ineffective.

Further, the failure to ask of witness Frank Wilderness, Jr. on direct examination about whether any dogs were in the yard or in the area of his yard during the month of May of 1984 cannot reasonably be expected to be a question that Movant's trial counsel could anticipate as Movant's trial counsel was not made aware of any such information until after the witness had testified and had been released from the witness stand.

However, Movant's trial counsel did take such steps after being made aware of that information as a reasonably competent attorney acting in those circumstances would have taken by way of asking the court permission to recall the witness to the witness stand for purposes of further questioning. When that request was denied, Movant presented an offer of proof to preserve the issue for subsequent appeal purposes.

In his brief filed here, Woods contends that his claim that his trial counsel did not interview Wilderness prior to trial in a thorough and extensive manner and, as a result, did not discover the evidence about the dog, is not refuted by the record in that "[t]he record shows a strong indication that trial counsel did not engage in a close examination or systematic inquiry into what information Frank Wilderness had."

The problem with Woods' contention is that the allegation does not prove itself. The "record" that Woods speaks of in his appellate brief has not been filed in this court. It was Woods' responsibility to file

it here as a part of the record on appeal. Rule 81.12(c) and (d).[2] In the absence of that part of the record that he relies on to prove his point, we have no factual information on which to base an opinion. *See Cooper v. General Standard, Inc.,* 674 S.W.2d 117, 121–22 (Mo.App.1984).

In order for a prisoner to be entitled to an evidentiary hearing on a post-conviction motion, he must plead facts, not conclusions, which, if true, would entitle him to relief, and he must show that those factual allegations are not refuted by the trial record. *Jackson v. State,* 585 S.W.2d 495, 497 (Mo.1979). Since Woods has not filed the trial transcript as part of the record, we have no idea whether the transcript refutes or corroborates his ideas on the subject.

With nothing factual before us that supports Woods' allegation of ineffective assistance of counsel, there is nothing for us to review. *Jackson v. State,* 514 S.W.2d 532, 534 (Mo.1974). Woods has failed to carry his burden of proof.

The judgment of the motion court denying relief is affirmed.

HOLSTEIN, C.J., and CROW, P.J., concur.

**2.** Missouri Rules of Court, V.A.M.R.