**Ervin MILLER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 40824.**

Missouri Court of Appeals,
Western District.

May 30, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 27, 1989.

Application to Transfer Denied
Aug. 1, 1989.

Sandra L. Day, Asst. Public Defender, Liberty, for appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before NUGENT, P.J., and CLARK and LOWENSTEIN, JJ.

PER CURIAM:

Ervin Miller appeals from the court's denial without a hearing of his Rule 27.26 motion for post-conviction relief. He argues that the hearing court improperly denied him the opportunity to prove his allegations at an evidentiary hearing.

Mr. Miller's motion arises from his changes of plea to guilty on three separate felony counts: one count for sale of marijuana and two for sale of cocaine. In return for his guilty pleas to those charges, the state agreed to dismiss four other charges then pending against him. At the change of plea hearing the court placed him under oath and questioned him extensively about the circumstances surrounding his plea. He testified that he understood that for his guilty pleas he would receive only the state's dismissal of the other charges. The court explained to him that neither his attorney nor the prosecutor had the authority to promise him that he would receive any particular sentence or be placed on probation in return for his plea. Mr. Miller testified that no one had promised him any particular sentence and that he understood that each sentence could range from five to twenty years each.

Mr. Miller agreed that his attorney had performed satisfactorily and had done everything that Mr. Miller had asked, that he had responded truthfully to all of the court's questions and that no one had in-

structed him to testify in any manner but truthfully. He admitted all of the allegations in the charges to which he pleaded guilty and said that he pleaded guilty because he was, in fact, guilty.

During the guilty plea hearing, the court, the defense attorney, and the prosecutor discussed the possibility that probation would not be available to a defendant who pleads guilty to multiple offenses; all interpreted the law to provide that probation would be available. The judge informed defendant Miller that he would allow the defendant to reconsider his guilty plea only if the court learned that its sentencing options did not include probation. The defendant said that he understood.

After reviewing the sentencing report, the court sentenced Mr. Miller to eight years imprisonment on each of the three charges, the sentences to run concurrently. It suspended the imposition of those sentences and placed Mr. Miller on five years probation.

After the movant violated the terms of his probation, the court revoked it and returned him to the custody of the Missouri Department of Corrections. Thereafter, Mr. Miller filed this Rule 27.26 motion challenging the voluntariness of his guilty plea. He alleges that his attorney misrepresented the terms of the plea agreement to him and to his father by leading him to believe that he would receive no more than five years imprisonment; that his attorney instructed him to answer questions during the plea hearing in a particular way; and that he would not have pleaded guilty had his attorney's misrepresentations not led him to do so.

The motion court, without conducting a hearing, denied the motion. It issued findings of fact and conclusions of law in which it concluded that the transcript and record of the guilty pleas conclusively refuted Mr. Miller's allegations. The court found that Mr. Miller voluntarily entered his guilty plea and that no threats, promises, or misrepresentations had induced that plea.

Mr. Miller contends on appeal that the court erred in failing to grant him the opportunity to prove his allegations at an evidentiary hearing. He argues that his father would testify at the hearing and would thereby provide independent evidence of the attorney's inducement. Mr. Miller concludes that his attorney's misrepresentation reduced his effectiveness to the extent that it violated his right to counsel.

A claim of ineffective assistance of counsel will only provide relief from a conviction based on a guilty plea when counsel's assistance is so substandard that it renders the defendant's guilty plea involuntary. *Rice v. State*, 585 S.W.2d 488, 493 (Mo. 1979) (en banc). The court need not grant the Rule 27.26 movant a hearing when the record of the guilty plea clearly refutes the allegations in the motion for post-conviction relief. *Thomas v. State*, 605 S.W.2d 792, 795 (Mo.1980) (en banc).

Here, the record conclusively establishes the voluntariness of defendant Miller's guilty pleas. He stated under oath that he was guilty of the crimes charged; that he entered his pleas voluntarily; that he understood that only the court could determine his sentence; that he had received no promises in exchange for his guilty plea other than the state's promise to drop the other charges against him; that no one had told him to answer any of the court's questions untruthfully; and that he had indeed told the truth in all of his answers to the court. Those affirmative statements leave no room for a finding that any actions by his counsel rendered his plea involuntary.

Mr. Miller further argues that the discussion concerning probation confused him as to the nature of the penalty he would receive for his conviction. The court, the prosecutor and defense counsel discussed and concurred in an interpretation of the criminal statutes that would allow probation to one who pleads guilty to multiple offenses. The court advised Mr. Miller that it would reopen the hearing on the guilty plea only if the law would not allow the court to grant probation for multiple felonies. After further explanation by the court, defendant Miller stated that he understood. In fact, the court granted probation. Mr. Miller's present imprisonment has come about only because he violated

the terms of his probation. We find that any confusion that the discussion of sentencing options might have created did not render the defendant's guilty plea involuntary.

Mr. Miller's offer to have his father testify to support the allegations in the Rule 27.26 motion does not create the need for a hearing. His admissions, under oath, conclusively refute his father's proffered testimony. Moreover, those admissions refute his allegation that his attorney fed him the answers at the guilty plea hearing. The hearing transcript and the guilty plea questionnaire provide compelling evidence that Mr. Miller voluntarily entered his guilty plea. We find no need for a hearing on the motion and no error in the denial of the motion.

Accordingly, we affirm the judgment.